The opinion of the Court was now delivered by
Smith, C. J.
It is very clear that an officer can justify wherever he has a writ from a superior court; a court which has general jurisdiction, jurisdiction of such causes, authority to issue such writs; though the writ in that particular case be erroneous, void,[1] an absolute nullity, and the court no jurisdiction in that action, or at least might be ousted of jurisdiction by plea in abatement, and had no authority to issue that writ. 8 Wilson, 845; 2 Tidd, 986 ; 6 G. Bacon, 167, 168; 2 Salk. 700.
A capias ad respondendum,, in which a Term intervenes between the teste and return, is void, an absolute nullity: 2 Salk. 700; 8 Wils. 345; and, if the sheriff suffer one arrested on such writ to escape, he is not liable to the creditor; and yet he may justify under it. The only case where an officer," having a writ, cannot justify, is that where the court issuing) the writ has no jurisdiction. There seems to be no instance where an officer cannot justify under a writ from a superior court. The cases where he is not allowed to justify are where the process issued from inferior courts in the English sense, i. e. courts of limited jurisdiction.
The reason assigned for the rule is, that an officer is obliged to obey the command of courts having general jurisdiction, and therefore is not answerable for the correctness or regularity of the process. And this is altogether reasonable, con *208 sidering' the character of such courts for correctness and. regularity, and the degree of knowledge we may fairly presume officers are possessed of. With respect to inferior courts, the officer must judge, at his peril, whether the court has jurisdiction.
Whether an officer could justify, under a writ issued from a justice [of the] peace, where the ad damnum exceeded four pounds, may be a question. Whether the justices of the peace come within the denomination of inferior courts within this rule may also be questioned. I am clearly of opinion that justices of the peace are not inferior courts,.in the English sense of the term, in every case. In this case, on the ground j on which I form my opinion, justices of the peace may be con-^ sidered as courts of superior jurisdiction.
I have stated the general doctrine as to justification by officers under process, and I agree to it, but do not think it decisive of the present case. .1 have no doubt that Herbert could justify, under a writ from Samuel Green; that Samuel Green had, in this ease, jurisdiction; but the question is, whether Herbert had any writ at the time he made the arrest; not whether he had a good writ, a regular precept, a writ in form of law; but whether he had that which can be denominated a writ.
A writ, an original writ, in the English sense, .is a mandatory letter from the King, in chancery, on parchment, sealed with the great seal, and directed to the sheriff of the county in which the injury is supposed to have been committed, requiring him to command the wrong-doer, or a party accused, either to do justice to the complainant, or else to appear in court and to answer the accusation against him. 8 Blackst. 278. All writs and plaints set forth the cause of complaint, some in more general, others in more particular, terms. 3 Blackst. 273, 293. A declaration is only an amplification or exposition of the original writ upon which the action was founded, with the additional circumstances of time and place when and where the injury was committed. A bare inspection of the forms proves what I have mentioned. Take any of the forms in 3 Blackst. Appendix; and I take it for granted, *209 if that part which describes the cause of complaint were omitted altogether, the residue would not be a writ. Apply this to the present case. I think Herbert had no writ upon English principles, because it contained no account whatever of the cause of complaint. He, Flanders, has been attached to answer the treasurer, &c„ in an action of the case, for that, whereas, to the damage of the plaintiff, so much. But I conceive the case is different when brought to the test of our law, as it must be, for this is one of the cases in which we have deviated most from English practice. We have seen that a writ, in England, is a mandatory letter from the supreme power, in which the cause of action is briefly stated, hence called a brief. There are a great number of these writs, differing one from the other. They are preserved in a book, called the Register, Ttegistrum omnium Brevium. 3 Blackst. 51, 183, 184; 4 Blackst. 427.
In this State the case is different. We have but a small number of forms, and the formal part is the same in almost all actions, and is prescribed by statute. What distinguishes one writ from another is the declaration. In England it is the statement of the cause of complaint. The writ, in New England, does not, generally speaking, give a brief account of the cause of action, leaving it to be amplified in the declaration; but it contains, and must,|by our usage, i. e. the (our) common law^contain the declaration. When we speak of a writ of attachment, we mean, not the formal part only, — for this is not a writ, (a) — but this formal part with a declaration inserted. Both constitute a writ of attachment; neither alone. In the forms enacted by statute, it is as necessary that the blank for the declaration should be filled as any of the other blanks. Will it be pretended that a blank signed and sealed by the clerk is a writ in this State ?
It is implied, in our statutes, that the declaration must be *210 inserted in the formal part prescribed by statute. “ When a defendant duly served with process, that is, when a writ is served, doth not appear, his default shall be recorded, and the charge in the declaration shall be taken to be true.” If the declaration were not inserted in the writ, and defendant do not appear, I conceive no judgment could be rendered by default. In this State, the declaration is as much a writ as the formal part. Indeed, much more so, for it is, or ought to be, sensible ; but the informal part is insensible, and, therefore, not a writ. Our statutes, though they do not expressly require the declaration to be inserted, are predicated on the idea that it is to be inserted; it must be inserted by our common law. . Manuscript; Pleadings, 42, 45.
The origin of this usage is unknown, (a) In Connecticut, it is said to be by statute at the commencement of the government. 2 Swift, 188, 193, 195. (b) Our writs, in common cases, resemble the English scire facias, audita querela, &c., which contain, in the body of the writ, the complaint or cause of action. 5 G. Bacon, 329.
Will it be pretended that Herbert could justify, in this case, under a declaration without the formal part ? And yet the declaration is the better half of the writ. The instrument which Herbert had was but part of a writ. It was insensible, incomplete, a perfect nullity. It was not amendable. There was nothing to amend by. It was neither abatable nor abated. It never existed as a writ. It was a blank, partly filled up.
It is not to be understood that I require a good declaration to be inserted, but only that there should be a declaration of some sort.. The formal part also may be incorrect, and yet the officer justified.
*211 I am not aware that any injustice is done by this decision. I would not throw on officers a burden they arc not able to bear. I would not require them to be lawyers, and bound to form an opinion, at their peril, of the correctness of process they are required to serve. But I think they will have no difficulty in judging, as I would draw the line. If there is no declaration at all in a capias, they are not bound to serve. They would be liable to no action for refusing to serve. 1 believe the officer in this case was aware that he had no legal precept.
As this is the only question saved, I think there must be judgment for the plaintiff, though I think the damages were excessive. The plaintiff was a wrong-doer, and the defendant seems to have acted with no bad intentions. I think nominal damages only should have been given. But this question was submitted to the jury, and, though 1 should not have decided as they have done, yet, as the damages are set at $40, I would not set the verdict aside on that account.
On this opinion intimated, B. Chace, attorney for plaintiff, remitted $20 of the damages.
Judgment accordingly, (a) , [1]
Livermore, J., dissentients.

 I. e. “ void ” as to the party procuring it or the magistrate issuing it, but voidable only as to the officer. The officer is protected in the service of process regular and legal in its frame, bearing upon its face all the legal requisites to make it perfect, both in form and substance, and issued by a court or magistrate having jurisdiction of the subject-matter. State v. Weed, 1850, 21 N. H. 262; s. c. in Benu. & H. Lead. Cr. Cas.

 A blank warrant is no justification to the bailiff. 2 Hawk. P. C. B. 2, c. 22, §§ 3, 216.
According to the course of proceedings in our courts, the count (declaration) is inserted in, and makes a part of, the writ. Parsons, C. J., Commonwealth v. Churchill, 5 Mass. 180. See Ilsley v. Stubbs, 5 Mass. 285.

а) Manuscript Records, VII. 4. Declaration filed as in England. This was in the famous case, Allen v. Waldron, 1706, 1707, &c.
[In Manuscript Digest, reference is made to Dering v. Sheafe, Manuscript Provincial Records, 1699, where the writ did not contain a declaration.]

б) 2 Swift. In Connecticut, declaration.is parcel of the writ. Kirby, 421.

 See 1 Chitty, PI. 183-188.

 Sustained by Brigham v. Este, 1821, 2 Pick. 420; Rathbone v. Rathbone, 1827, 5 Pick. 221; and see also Guilford v. Adams, 1837, 19 Pick. 376; Keenan v. Knight, 1864, 9 Allen, 257.
In Clindenin v. Allen, 1828, 4 N. H. 385, 388, Richardson, C. J., said, . ... “ the enacted form of original writs, and the course of our practice, have rendered a declaration essential to the validity of a writ, without which it is void. It has been so decided in this court and also in Massachusetts. Brigham v. Este, 2 Pick. 420.”
In the opinion in Bryant v. Warren, 1871, 51 N. H. 213, 216, it was said that “ the declaration is no part of the writ; ” but the meaning of the Court probably was, that the declaration could not be considered as part of the precept. Bryant v. Warren is said to have been overruled in August, 1878.